MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX TSE (CSBN 152348)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
Facsimile:  (408) 535-5081
Email: james.scharf@usdoj.gov

Attorneys for Defendant USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TERESA GOLDSTEIN,** | ) CASE NO. 13-1925 JCS |
| **Plaintiff,** | ) |
| | ) **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [~~PROPOSED~~] ORDER]** |
| v. | ) |
| **CITY OF SAUSALITO, UNITED STATES OF AMERICA,** | ) |
| **Defendants** | ) |

It is hereby stipulated by and between the undersigned Plaintiff Teresa Goldstein ("Plaintiff"), Defendant City of Sausalito ("Defendant City"), and the Defendant UNITED STATES OF AMERICA ("Defendant USA") (collectively, "Defendants"), by and through their respective attorneys, as follows:

WHEREAS, the parties participated in a mediation with Michael Ornstil of JAMS on December 12, 2013, at which this Stipulation for Compromise Settlement and Release ("agreement") was reached.

WHEREAS, Plaintiff and Defendants wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this agreement;

WHEREAS, the parties intend this to be a full, final and complete settlement that resolves all claims and potential claims that the parties may have arising out of the subject accident of February 23, 2012, including but not limited to Plaintiff's claims and potential claims for physical injuries, psychological injuries, past and future medical bills, past and future wage loss, past and future pain and suffering, and any claims Defendants may have against each other for contribution or indemnification, resulting from that accident.

NOW, THEREFORE, in consideration of the mutual promises contained in this agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. Agreement to Compromise Claims. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this agreement.

2. Definitions: As used in this agreement, "Defendants" shall include their current and former agencies, agents, servants, employees, and attorneys, including but not limited to, the United States Army Corps of Engineers and/or any of its current or former agents, servants, employees, and attorneys.

3. Settlement Amount. Defendant USA agrees to pay plaintiff the sum of ~~NO 90~~ EIGHTY THOUSAND EIGHT HUNDRED AND xx/100 ($ 90,800.00) and Defendant City agrees to pay plaintiff the sum of TWENTY THOUSAND TWO HUNDRED AND xx/100 ($ 20,200.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any potential claims for wrongful death or loss of consortium, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against Defendants.

4. Release. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including potential claims for wrongful death or loss

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED] ORDER
CASE NO. 13-1925 JCS

of consortium, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against Defendants on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless Defendants from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against Defendants. Defendants agree to waive any claim for contribution or indemnification they may have against each other relating to the subject accident or the settlement of this action.

5. Dismissal of Action. In consideration of the payment of the Settlement Amount and the other terms of this Settlement Agreement, Plaintiff's attorney shall also execute and provide to Defendants' attorney a Stipulation of Dismissal. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be filed within five (5) business days of receipt by Plaintiff's attorney of the settlement checks.

6. No Admission of Liability. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the Defendants, and it is specifically denied that it they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. Parties Bear Their Own Costs. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. Attorney's Fees. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with Plaintiff's FTCA claim against Defendant USA shall not exceed 25 per centum of the amount of the compromise settlement.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED] ORDER
CASE NO. 13-1925 JCS

9. **Authority.** The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542.** The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by her attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of Defendants for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check.** Payment of the Settlement Amount will be made by checks payable to Teresa Goldstein, Plaintiff, and her attorneys, Monty White LLP. The checks will be sent to Plaintiff's attorney, Matthew N. White. Plaintiff's attorneys agree to distribute the settlement proceeds to the Plaintiff. Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process from the date that the Court "so orders" this agreement. To facilitate the check request, upon request, Plaintiff's attorneys will provide Defendants' attorneys with plaintiff's Social Security Number and their Tax Identification Number.

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Settlement Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction.** Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this agreement, that it has had the contents of the agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the agreement and the legal consequences thereof. For purposes of construction, this agreement

shall be deemed to have been drafted by all parties to this agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

14. Severability. If any provision of this agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

15. Integration. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement. This agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16. Liens. Plaintiff is responsible for satisfying any and all outstanding liens arising out of the subject matter of this action. Plaintiff shall indemnify and hold harmless Defendants from any liability Defendants may incur from any lien claimant arising out of any failure by Plaintiff to satisfy the outstanding liens.

17. This Agreement is contingent upon execution by City's and/or Bay Cities JPIA's authorized representatives

DATED: December 12, 2013

TERESA GOLDSTEIN
Plaintiff

DATED: December 12, 2013

MATTHEW N. WHITE
Attorneys for Plaintiff

MELINDA HAAG
United States Attorney

DATED: December 12, 2013

JAMES A. SCHARF
Assistant United States Attorneys
Attorneys for Defendant USA

1 | DATED: December 12, 2013        _____
2 |                                  John A. Abaci
                                     Attorneys for Defendant City
3 |
4 |        PURSUANT TO STIPULATION, IT IS SO ORDERED.
5 |   DATED:  12/16/13              _____
6 |                                  HON. JOSEPH C. SPERO
                                     United States District Magistrate Judge



STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED] ORDER
CASE NO. 13-1925 JCS